UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ADAM EVERY, AS REPRESENTATIVE OF CORNELL EVERY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | * * * * * * | CIVIL ACTION NO: JUDGE: MAG JUDGE: |
| VERSUS | * * | |
| LOUISIANA HEALTH CARE CONSULTANTS, LLC, BOB G. DEAN, JR., AND MAISON DE'VILLE NURSING HOME OF HARVEY, LLC | * * * * | |

**************************************************************************

**NOTICE OF REMOVAL**

**NOW INTO COURT**, through undersigned counsel, come Defendants, Louisiana Health Care Consultants, LLC, Bob G. Dean, Jr., and Maison De'Ville Nursing Home of Harvey, LLC, who file this Notice of Removal to remove Plaintiffs' class action from the 24th Judicial District Court, Parish of Jefferson, State of Louisiana, to this Court, on the following grounds:

*THE REMOVED CASE*

1.

On January 3rd, 2022, Plaintiffs, through their attorneys, filed a *Class Action Petition for Damages and Injunctive Relief* entitled "*Adam Every, as representative of Cornell Every, individually and on behalf of others similarly situated v. Louisiana Health Care Consultants, LLC, Bob G. Dean, Jr., and Maison De'Ville Nursing Home of Harvey, LLC*" bearing Docket Number 824-038, Division "G," (the "Petition"), in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

2.

On January 14, 2022, all Defendants except Defendant Dean were served with Plaintiffs' *Class Action Petition for Damages and Injunctive Relief* by service at the reception desk of the law firm of Defendants' registered agent for service of process.

3.

Attached hereto as <u>Exhibit A</u> is Plaintiffs' original *Class Action Petition for Damages and Injunctive Relief.* A certified copy of all pleadings in the court records at the 24th Judicial District Court, Parish of Jefferson, has been requested and will be supplied upon receipt.

4.

In their state court *Class Action Petition for Damages and Injunctive Relief,* Plaintiffs seek injunctive relief and damages on behalf of residents of Maison De'Ville Nursing Home of Harvey, LLC, a nursing home owned by Defendants. Plaintiffs allege that they suffered "abuse, injury, and/or damage" as a result of the Defendant's "intentional acts of underfunding of the facility's skilled nursing staff." Plaintiffs allege that Defendants "siphoned funds and assets away from the direct care givers at the facility," causing budgetary constraints, and as a result defendants failed to have resources or staff on hand to manage the care of residents, including Plaintiff. The petition states that Defendants "did not devote sufficient financial resources to protect the health and safety of residents" and instead diverted those resources to "create ill-begotten profits for Defendants."

5.

Defendants deny the allegations of Plaintiffs and assert that they allocated sufficient financial resources to protect the health and safety of residents, and to ensure their rights were not violated. Moreover, Defendants submit that they complied with all rules and regulations as required by the Louisiana Department of Health and Hospitals and the Nursing Home Residents'

Bill of Rights. Additionally, Defendants submit that all funds were allocated appropriately, and that the direct caregivers at the facility were provided with all necessary resources as required.

6.

Defendants have taken no action in the 24th Judicial District Court prior to this removal.

**BASIS OF JURISDICTION AND REMOVAL**

7.

Pursuant to 28 U.S.C. § 1332(d)(2), "[t]he district courts shall have original jurisdiction of any civil actions in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—(A) any member of a class of Plaintiffs is a citizen of a State different from any defendant …."

*PLAINTIFFS' ALLEGED DAMAGES EXCEED THE JURISDICTIONAL THRESHOLD UNDER CAFA*

8.

To determine whether the amount in controversy exceeds $5,000,000, "the claims of the individual class members *shall be aggregated*…." §1332(d)(6).

9.

A removing defendant is required to establish the amount in controversy only by a preponderance of the evidence, which turns on whether a fact finder **might** legally conclude that the damages exceed the threshold, not whether the damages **are** greater than the requisite amount. *Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 912 (10th Cir. 2016); *Grawitch v. Charter Commc'ns, Inc.*, 750 F.3d 956, 959 (8th Cir. 2014). A defendant seeking to satisfy the preponderance standard to sustain removal may follow either of two tracks: (1) Adduce summary judgment evidence of the amount in controversy, or (2) demonstrate that, from the class plaintiffs' pleadings alone, it is "*facially apparent*" that CAFA's amount in controversy is met. *Berniard v. Dow Chem. Co.*, 481 F. App'x 859, 862 (5th Cir. 2010). Additionally, to properly satisfy the

removal requirement, a defendant's notice of removal need include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014).

10.

Plaintiffs in this case seek an award of all appropriate damages on behalf of residents (and any legal representatives thereof) of Maison De'Ville Nursing Home of Harvey, LLC, owned by Louisiana Healthcare Consultants, LLC and Bob G. Dean, Jr., between August 2020 and August 2021 who sustained abuse, injury, and/or damage as a result of the underfunding of the facility's skilled nursing staff. Ex. A, para. 17. Due to the amount of individuals, which Plaintiffs allege to be at least 100 nursing home residents (*id.* at para. 19), and the alleged damage incurred during this time period, the amount in controversy exceeds $5,000,000.

11.

Plaintiffs allege that the actions of Defendant have caused past, present and future emotional pain and mental distress. *See* Exhibit A, para. "**WHEREFORE**." Louisiana courts have awarded damages for mental anguish or emotional distress incurred by nursing home residents. In *Randall v. Concordia Nursing Home*, the surviving child of a nursing home resident sued the nursing home pursuant to the Nursing Home Resident's Bill of Rights for nursing neglect and malpractice. 2007-101 (La. App. 3 Cir. 8/22/07), 965 So. 2d 559, 562, *writ denied,* 2007-2153 (La. 1/7/08), 973 So. 2d 726. The petition alleged that the nursing home violated the resident's rights by failing to provide privacy in meeting personal needs, failure to allow patient to be free from mental and physical abuse, and for failure to treat the patient courteously, fairly, and with the fullest measure of dignity, and failing to allow the patient to rise and retire in accordance with her reasonable request. There was also medical testimony as to the poor and negligent condition in which the patient was left due to the nursing home's under-staffing, including the fact that the

patient was found lying in dried bowel movement and urine two to three times a week. A jury awarded plaintiff $150,000 for the loss of dignity, and the Louisiana Third Circuit reduced the award to $100,000. *Id*.

12.

Plaintiff class consists of "more than" 100 nursing home residents, which means aggregated together, each resident must claim only $50,000 in order to satisfy the $5,000,000 threshold for removal under CAFA. However, Plaintiff alleges that the exact number and identities of the proposed class "are unknown at this time" but may be ascertained through discovery. Thus, it's possible that the number of Plaintiffs within the class will increase, and therefore the average amount claim per resident will decrease. In the petition, Plaintiff seeks damage for "past, present, and future emotional pain and mental distress, loss of enjoyment of life, reduced quality of life, inconvenience, embarrassment, and emotional and mental pain and suffering." *See* Exhibit A, para. "**WHEREFORE**." Plaintiffs also allege that the class suffered physical pain and suffering along with the emotional distress damages. *Id.* These are similar damages incurred by the Plaintiffs in the *Randall* claim summarized above.

13.

Defendants respectfully submit that based on the sheer number of putative class members, and the previous awards in similar contexts, a fact finder might reasonably conclude that the emotional distress damages claimed by plaintiffs, when aggregated, exceed the $5,000,000 amount-in-controversy threshold. When these physical pain and suffering claims are aggregated with the mental and emotional distress claims, it is certainly plausible that the alleged damages could exceed $5,000,000. Defendants submit this argument satisfies the preponderance of evidence standard as well as the plausible allegation standard.

## *THE MINIMAL DIVERSITY REQUIREMENT IS MET*

14.

In addition to the amount-in-controversy requirement, CAFA provides federal jurisdiction over class actions in which any member of a class of Plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2)(A). This requirement is referred to as "minimal diversity." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).

15.

In this case, Plaintiffs are citizens of the state of Louisiana. *See* Exhibit A, introduction.

16.

Defendant, Bob G. Dean, Jr., is a citizen of the state of Georgia. *See* <u>Exhibit B</u>, Unsworn Declaration of Karen Dean. This unsworn declaration is sufficient evidence of citizenship at the removal stage, as "a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Burns v. Mercury Ins. Group*, 2016 WL 5389742, *1 (E.D. La. 09/27/2016); *see Paddison v. Paddison*, No. CV 19-2109, 2019 WL 1616577, at *1 (E.D. La. Apr. 16, 2019) (accepting an unsworn declaration as evidence of citizenship).

17.

Therefore, the "minimal diversity" requirement for removal under 28 U.S.C. § 1332(d) is also met as at least one Plaintiff is a citizen of Louisiana and at least one Defendant is a citizen of another state. Accordingly, this Court has original jurisdiction of Plaintiffs' class action claims.

## *THERE IS NO EXCEPTION TO CAFA JURISDICTION UNDER THE LOCAL CONTROVERSY EXCEPTION*

18.

One exception to CAFA jurisdiction is the local controversy exception. 28 U.S.C. § 1332(d)(4)(A). The exception states that a federal court shall decline to exercise jurisdiction when (1) the Louisiana citizenship of greater than two-thirds of the putative class members, and (2) at least one defendant is a defendant <u>from whom significant relief is sought</u>, whose alleged conduct forms a significant basis for the claims asserted by the proposed class, and who is a citizen of the state in which the action was originally filed, and (3) principal injuries resulting from the alleged conduct were incurred in the state in which the action was originally filed. *Id*. Such defendants are referred to as "significant defendants." *Robertson v. Chevron USA, Inc.,* No. CV 15-874, 2016 WL 3667153, at *10 (E.D. La. July 11, 2016).

19.

Whether a class seeks significant relief against a defendant is determined by whether the relief sought against that defendant is significant relative to the relief sought against the other codefendants. *Caruso v. Allstate Ins. Co.*, 469 F. Supp. 2d 364, 368 (E.D. La. 2007) (citing *Evans v. Walter Industries, Inc.,* 449 F.3d 1159, 1167 (11th Cir.2006)). This entails a comparison of the alleged role played by the significant defendant with that played by the other defendants. *Id*. at 369. The analysis also includes an assessment of how many members of the class were harmed by the defendant's actions. *Id*. at 368. (citing *Robinson v. Cheetah Transportation,* No. 06-0005, 2006 WL 468820, *3 (W.D. La. Feb.27, 2006)).

20.

Plaintiffs' allegations support Defendants' contention that there is only one significant defendant in this case – Bob Dean, Jr. Plaintiffs allege that, at all times pertinent, Bob Dean was

the "owner, member, and/or director of each of the other named Defendants, with all duties and responsibilities thereto." *See* Exhibit A, para. 1. Moreover, Plaintiffs claim that Bob Dean and Louisiana Health Care Consultants, LLC "managed and oversaw" Uptown Healthcare Center, LLC, as it "siphoned funds and assets away from the direct care givers at the facility… and failed to have the resources or staff to manage the care of residents, including Plaintiffs." *See* Exhibit A, para. 29. Therefore, any alleged actions taken by any co-defendants in this case are entities which are owned and directed by Bob Dean.

21.

Because Defendant Dean, the only significant defendant for purposes of CAFA, is a citizen of the state of Georgia, the local controversy exception does not apply.

### *THERE IS NO EXCEPTION TO CAFA JURISDICTION UNDER THE HOME STATE EXCEPTION*

22.

Another exception to CAFA jurisdiction is the home state exception, 28 U.S.C. § 1332(d)(4)(B). The exception states that a federal court shall decline to exercise jurisdiction under CAFA when two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

23.

As the U.S. Fifth Circuit has recently recognized, the question of "primary defendant" has not been extensively analyzed. *See* Madison v. ADT, L.L.C., 11 F.4th 325, 327 (5th Cir. 2021). The Court endorsed prior cases that described primary defendants as the "real target" of the litigation, and those against whom the "primary thrust" of the claim was directed. *Id*. at 328. The Court also held that, while not dispositive, a relevant factor in assessing primary defendant

status was whether a defendant was merely vicariously or secondarily liable for the Plaintiff's alleged damages. *Id.* at 328—29.

24.

A simple review of the Plaintiffs' allegations shows that there is only one primary defendant in this case – Bob Dean Jr. As previously described, Plaintiffs claim Dean was the "owner, member and/or director" of each of the other named defendants. *See* Exhibit A, para. 1. All wrongful acts alleged by Plaintiff were conducted by either Dean himself, or by an entity that Dean himself owns, directs and/or is listed as a registered officer.

25.

It cannot be disputed that Bob Dean Jr. is a primary defendant in this matter, and Defendants assert that he is, in fact, the only primary defendant.[1] Because he is a Georgia citizen, all of the primary defendants are not citizens of Louisiana, and thus the home state exception to CAFA jurisdiction is not applicable in this case.

## *REMOVAL IS TIMELY*

26.

Defendants show that this Notice of Removal is timely filed with this Court pursuant to the provisions of 28 U.S.C. § 1446, because it is being removed within 30 days after the service of the Citation and Class Action Petition upon Defendants.

---

[1] Ultimately, it is immaterial whether Dean is the *only* primary defendant. The phrase "the primary defendants" in 28 U.S.C. 1332(d)(4)(B) means *all* primary defendants. *Watson v. City of Allen, Tx.*, 821 F.3d 634, 641 (5th Cir. 2016) (citing *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 546 (5th Cir. 2006)).

## *CONSENT OF ALL DEFENDANTS IS UNNECESSARY*

27.

Pursuant to 28 U.S.C.A. § 1453(b), "[a] class action may be removed to a district court of the United States in accordance with section 1446... without the consent of all defendants." Accordingly, consent from all Defendants is not required for the removal of this class action. Nevertheless, all Defendants hereby join in the removal.

## *VENUE*

28.

The venue of this removal action is a proper venue pursuant to the provisions of 28 U.S.C. §1441(a), inasmuch as the United States District Court for the Eastern District of Louisiana embraces Jefferson Parish and the 24th Judicial District Court, the location of the pending state court action.

29.

Based on the foregoing, Defendants have shown that Plaintiffs' class action is properly removable to this Court pursuant to the provisions of 28 U.S.C. §1441, *et seq.*

30.

Written notice of the filing of this removal is being provided to the adverse parties, as required by law.

31.

A true copy of this Notice of Removal is also being filed with the Clerk of Court for the 24th Judicial District Court for the Parish of Orleans, State of Louisiana, as required by law.

**WHEREFORE** Defendants pray that Plaintiffs' class action be removed to this Court, that this Court accept jurisdiction of Plaintiffs' class action, and that the class action be placed on the

docket of this Court for further proceedings, as though it had originally been instituted in this Court.

        Respectfully submitted:

        **DUPLASS, ZWAIN, BOURGEOIS, PFISTER, WEINSTOCK & BOGART**

        s/Philip G. Watson

        _____

        **ANDREW D. WEINSTOCK #18495**
        **PHILIP G. WATSON #31356**
        **MEREDITH N. WILL #39387**
        **JOSEPH C. MCALOON #39977**
        Three Lakeway Center, Suite 2900
        3838 N. Causeway Boulevard
        Metairie, LA 70002
        Telephone: (504) 832-3700
        Facsimile (504) 837-3119
        andreww@duplass.com
        pwatson@duplass.com
        mwill@duplass.com
        jmcaloon@duplass.com
        **Counsel for Defendants, Louisiana Health Care Consultants, LLC, and Maison De'Ville Nursing Home of Harvey, LLC**

        **AND**

        **PIPES MILES BECKMAN, LLC**

        s/H. Minor Pipes III

        _____

        **H. MINOR PIPES III #** 24603
        **KELSEY L. MEEKS #** 33107
        1100 Poydras St., Ste. 1800
        New Orleans, LA 70163
        Telephone: (504) 322-7070
        Facsimile (504) 322-7520
        mpipes@pipesmiles.com
        kmeeks@pipesmiles.com
        **Counsel for Defendant, Bob G. Dean Jr.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of February, 2022, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

s/Philip G. Watson

_____
PHILIP G. WATSON